UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSEL L. CRAFT,<br><br>        Plaintiff,<br><br>   v.<br><br>DEMEYER FURNITURE, INC. D/B/A<br>ASHLEY FURNITURE HOME STORE,<br><br>        Defendant. | Case No. 1:10-CV-230-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant DeMeyer Furniture, Inc. d/b/a Ashley Furniture Home Store's Motion for Summary Judgment (Dkt. 17). DeMeyer argues Plaintiff Russel L. Craft should be judicially estopped from asserting claims against it because Craft failed to disclose his claims against DeMeyer in his Chapter 7 bankruptcy case. For the reasons expressed below the Court will deny Defendant DeMeyer's motion for summary judgment.

## BACKGROUND

Craft worked for DeMeyer Furniture from October 2005 until February 2009. On

February 19, 2009, DeMeyer Furniture terminated Craft's employment. On March 14, 2009, Craft filed a charge of discrimination with the Idaho Human Rights Commission (IHRC), alleging claims for age and sex discrimination against DeMeyer Furniture.

On May 26, 2009, Craft filed for Chapter 7 bankruptcy. At the time he filed the bankruptcy petition and during the entire time his bankruptcy case remained pending, Craft's IHRC claim was active and under investigation. But Craft failed to list his potential claims against DeMeyer Furniture in the bankruptcy schedules as required. Craft never amended the schedules to reflect the existence of his IHRC claim.

On April 30, 2010, Craft filed this action, alleging age and sex discrimination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA), and the Idaho Human Rights Act (IHRA). The allegations in his Complaint are nearly identical to the allegations in his IHRC charge.

Craft disputes none of these facts. He, however, adds that his counsel contacted the bankruptcy trustee who handled Craft's bankruptcy case, Richard Crawforth, to inquire about re-opening the case so that this employment case may proceed, but for the primary benefit of the creditors. The trustee apparently has expressed his willingness to re-open the case and advised counsel "that his office would handle everything" and Craft need not do anything further to ensure it is re-opened.[1]

DeMeyer Furniture now seeks summary judgment on all Craft's claims on the

---

[1] DeMeyer Furniture argues that the statements supposedly made by the trustee of Craft's bankruptcy estate to Craft's counsel are hearsay and should be stricken. The Court did not consider the trustee's statements in reaching its decision. Therefore the issue is moot.

grounds that Craft is judicially estopped from pursuing claims against DeMeyer, which he failed to disclose in his bankruptcy proceeding prior to his discharge.

## LEGAL STANDARD

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any

affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324.

## ANALYSIS

Judicial estoppel is a flexible equitable doctrine that precludes a party from gaining an advantage by asserting one position in judicial proceedings, and then later seeking an advantage by taking a clearly inconsistent position in the same or different judicial matters. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Commentators have urged caution in applying the doctrine and have noted that courts should be "admonished to consider lesser sanctions, such as fines, before applying the doctrine in order to avoid the risk of foreclosing a meritorious claim." Kelly L. Morron, *Time for the Federal Circuit to Take a Judicious Approach to Judicial Estoppel*, 28 AIPLA Q.J. 159, 164 (2000); *see also In re An-Tze Cheng,* 308 B.R. 448, 452 (9th Cir. BAP 2004) ("The dynamic nature of judicial estoppel doctrine warrants proceeding with caution.").

Courts apply judicial estoppel in the bankruptcy context when a plaintiff, aware of potential claims, fails to list them on the bankruptcy schedules, and then later sues on the same claims. *Id.* at 785. The invocation of the judicial estoppel doctrine serves to protect the integrity of the bankruptcy system, which depends on full and honest disclosure by debtors of all their assets. *Id.* "The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete." *Id.* (emphasis omitted) (citing *In Re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999)).

Craft does not deny that he failed to disclose his claims against DeMeyer Furniture in his bankruptcy proceeding. He also accedes that judicial estoppel precludes a plaintiff from pursuing claims he failed to disclose in his bankruptcy proceeding. The Court agrees that Craft cannot pursue claims he failed to disclose in his bankruptcy case for his own benefit. "The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding." *Hamilton*, 270 F.3d at 785 (citations omitted).

The Court, however, refuses to invoke the judicial estoppel doctrine to prevent either Craft or the bankruptcy trustee from pursuing Craft's claims *on behalf of the bankruptcy estate and for the sole benefit of the creditors*. For judicial estoppel to apply,

"a remedy must be available that does not needlessly punish the innocent" *In re An-Tze Cheng,* 308 B.R. at 452. Yet, to prohibit Craft's claim from being pursued on behalf of the bankruptcy estate would needlessly punish innocent creditors and may create a windfall for DeMeyer. *Id.* Moreover, it would undermine a primary purpose of invoking the judicial estoppel doctrine in the bankruptcy context – to prevent debtors from unfairly depriving creditors of money owed to them. *See Hamilton*, 270 F.3d at 785.

Fashioning a remedy to implement a judicial estoppel must be grounded on notions of fairness and preventing injustice: court shall not do "inequity in the name of equity." *Cheng*, 308 B.R. at (citing 27A Am. Jur. Equity § 110 (1996)). "In the typical judicial estoppel situation in which "the debtor 'forgets'' to schedule a cause of action and then remembers to pursue it after the bankruptcy is over," the correct solution "is often to reopen the bankruptcy case and order the appointment of a trustee who, as owner of the cause of action, can determine whether to deal with the cause of action for the benefit of the estate." *Cheng*, 308 B.R. at 460 (citations omitted)." Based on notions of fairness and preventing injustice to the creditors, the Court will allow Craft's claims to be pursued on bankruptcy estate's behalf, but Craft will not be allowed to pursue his claims for his own benefit.

DeMeyer argues that Craft's claims should be dismissed with prejudice, citing *Rose v. Beverly Health and Rehabilitation Services, Inc.,* 356 B.R. 18 (E.D.Cal. 2006) (affirmed by *Rose v. Beverly Health and Rehabilitation Services, Inc.*, 295 Fed.Appx. 142, 2008 WL

4428507 (9th Cir. 2008)(unpublished decision)). In *Rose*, the district court stated: "It is important to note, however, that this court's determination that judicial estoppel operates in this case to prevent Plaintiff from advancing her claims on her own behalf does not necessarily mean that an appointed trustee of the bankruptcy estate may not advance claims belonging to Plaintiff for the benefit of the bankruptcy estate. 356 B.R. at 27. If anything, this language supports the Court's holding in this case. But to the extent *Rose* counsels that Craft's claims be dismissed with prejudice, the Court declines to follow it.

To support its argument that Craft's claims be dismissed with prejudice, DeMeyer also relies on *Laisure-Radke v. Barr Laboratories, Inc*., 2006 WL 172978 (W.D.Wash. 2006)(affirmed by the Ninth Circuit in *Laisure-Radke v. Barr Laboratories, Inc*., 313 Fed.Appx. 32, 2009 WL 424728 (9th Cir. 2009). In *Laisure*, the district court noted: "the Court's interest in protecting the judicial system outweighs the interest of plaintiff's creditors or the value of preventing a windfall to defendants." 2006 WL 1727978 at *4. This Court disagrees with this statement and declines to follow *Laisure* to the extent it implies that Craft's claims cannot be pursued on behalf of the bankruptcy and for the benefit of the creditors because Craft failed to disclose an existing claim in his bankruptcy schedules. The Court will therefore apply judicial estoppel to bar Craft from pursuing his claims for his own benefit but will allow his claims to be pursued on behalf of the bankruptcy estate.

After weighing the options – dismissal of Craft's claims without prejudice or

staying the action to allow time for Craft's bankruptcy case to be reopened so his claims may be pursued on behalf of the bankruptcy estate – the Court finds that staying the action would serve the interests of judicial economy and prevent the further depletion of potential bankruptcy assets. DeMeyer Furniture has already filed an answer in this case and a case management order has been entered. If this case were dismissed but the trustee decided to pursue Craft's claims, what has already been done in this case would essentially be wasted – including the $350 filing fee and the time spent by DeMeyer Furniture in answering the Complaint. More importantly, the Court has concerns that Craft's claims could be barred by the statute of limitations if forced to re-file, and staying the action will avoid any such questions.

Accordingly, the Court will stay this action for 90 days to allow Craft to re-open his bankruptcy case and amend his schedules – if permitted by the bankruptcy court. If Craft's bankruptcy case is not re-opened, or if for any reason Craft's claims will not or cannot be pursued on behalf of the bankruptcy estate, Craft must notify the Court within 7 days of receiving such notification.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion for Summary Judgment (Dkt. 17) is **GRANTED in part and DENIED** in part in accordance with this decision. This case shall be STAYED for *90 days*.



DATED:  **February 13, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge